Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| CRISTINA RIVERA RODRÍGUEZ Y OTROS<br><br>Recurridos<br><br>v.<br><br>LUIS ÁNGEL RIVERA RODRÍGUEZ<br><br>Peticionario | TA2025CE00948 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Sobre: División o Liquidación de la Comunidad de Bienes Hereditarios<br><br>Caso Núm. CG2022CV00409 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Domínguez Irizarry, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 13 de febrero de 2026.

El peticionario, Luis Ángel Rivera Rodríguez, comparece ante nos y solicita nuestra intervención mediante el presente recurso de *certiorari*, a fin de que dejemos sin efecto la *Orden* emitida el 20 de noviembre de 2025 por el Tribunal de Primera Instancia, Sala de Caguas. Mediante esta, el Foro primario denegó una *Moción de Consignación* promovida por el peticionario, y ordenó la venta del inmueble objeto de la presente controversia. Ello, dentro de un pleito sobre liquidación de comunidad de bienes hereditarios.

Por los fundamentos que expondremos a continuación, *denegamos* la expedición del auto de *certiorari*.

## I

El 10 de noviembre de 2025, el Tribunal de Primera Instancia denegó una *Moción Urgente Solicitando Orden y Otros Extremos*, mediante la cual el señor Rivera Rodríguez pretendía que se dejara sin efecto la venta del inmueble en controversia y que se le adjudicara la propiedad mediante la consignación de un cheque por la cantidad de $37,711.68. Al así resolver, el foro primario

determinó que el peticionario no consignó oportunamente la cuantía requerida para que se le adjudicara la propiedad y que, además, había vencido el término para poder adquirirla.[1]

Posteriormente, el peticionario compareció nuevamente mediante una *Moción de Consignación*, en la cual solicitó que se aceptara un cheque por la suma de $29,550.02 y que se ordenara el otorgamiento de la escritura pública a su favor. Luego de evaluado, el 20 de noviembre de 2025, el Tribunal de Primera Instancia denegó la solicitud y ordenó la venta del inmueble, tras concluir que el peticionario incumplió con el acuerdo entre las partes.

Inconforme, y luego de que se denegara una solicitud de reconsideración, el 23 de diciembre de 2025, el peticionario compareció ante nos mediante el presente recurso de certiorari, en el cual formula el siguiente señalamiento de error:

> Erró el Tribunal de Primera Instancia Centro Judicial de Caguas, al declarar *No Ha Lugar* la Reconsideración presentada por demandado-peticionario, en la cual niega la venta de la propiedad siendo el demandado-peticionario heredero de los respectivos caudales relicto a los que pertenece la propiedad y legatario de la misma, teniendo derecho conforme la estipulación y el derecho a retracto.

---

[1] En el presente caso, surge que mediante *Sentencia* emitida el 8 de abril de 2025, notificada al día siguiente, el Tribunal de Primera Instancia declaró *Ha Lugar* una moción presentada por las partes intitulada *Acuerdo de Transacción, Relevo de Responsabilidad y Estipulación de Desistimiento*. En dicho escrito, las partes manifestaron que acordaban la transacción del pleito sin necesidad de litigación adicional, por entender que ello redundaba en el mejor interés de todos los comparecientes y constituía la forma más rápida y económica de resolver sus controversias. En lo pertinente, como parte de los acuerdos estipulados, se dispuso lo siguiente:

> 10. Que se estipula, por acuerdo entre las partes, que la propiedad anteriormente descrita será adquirida por el demandado Luis Ángel Rivera Rodríguez por el valor de tasación, luego de descontar sus participaciones sobre la propiedad. El demandado tendrá 3 meses contados a partir del 24 de marzo para completar la Compraventa. De el demandado Luis Ángel Rivera Rodríguez, no adquirir en el periodo estipulado, el resto de los herederos tendrá derecho a adquirir la propiedad por el precio de tasación. De la propiedad no ser adquirida por ninguno de los herederos entonces la propiedad inmueble se pondrá a la venta al precio de tasación o mejor oferta.

Luego de examinar el expediente de autos y con el beneficio de la comparecencia de ambas partes de epígrafe, procedemos a expresarnos.

## II

Es sabido que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016); *IG Builders et al v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 593 (2011); *García v. Padró*, 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, pág. 63, 216 DPR __ (2025).

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. De ordinario, el criterio judicial empleado en el manejo de un caso al emitir pronunciamientos de carácter interlocutorio está revestido de gran autoridad. De ahí la premisa normativa que califica la tramitación de los asuntos en el tribunal primario como una inherentemente discrecional del juez. Siendo así, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I,* 159 DPR 141, 150 (2003). Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción o que incurrió en error manifiesto". *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018).

### III

En la presente causa, el peticionario sostiene que el Tribunal de Primera Instancia erró al declarar *No Ha Lugar* la reconsideración

presentada, mediante la cual solicitó que se dejara sin efecto la venta del inmueble en controversia, alegando su condición de heredero y legatario, así como un supuesto derecho de retracto conforme a la estipulación alcanzada entre las partes. Habiendo entendido sobre el referido señalamiento, a la luz de los hechos acontecidos y del derecho aplicable, resolvemos *denegar* la expedición del auto solicitado.

Un examen del expediente apelativo que nos ocupa mueve nuestro criterio a concluir que no concurre condición legítima alguna que amerite imponer nuestras funciones sobre las ejercidas por el foro primario. En el caso ante nuestra consideración, resulta medular destacar que el peticionario incumplió con los términos expresamente acordados entre las partes en el *Acuerdo de Transacción, Relevo de Responsabilidad y Estipulación de Desistimiento*, el cual fue aprobado por el Tribunal de Primera Instancia mediante *Sentencia* final y firme. En dicho acuerdo no solo se estableció el término perentorio de tres meses, contados a partir del 24 de marzo de 2025, para completar la compraventa del inmueble, sino que también se estipularon de forma clara e inequívoca las consecuencias jurídicas de no cumplir con dicho término, a saber: la pérdida de su derecho a adquirir la propiedad y la activación del derecho de los restantes herederos o, en su defecto, la venta del inmueble a terceros. Habiendo aceptado libremente dichas condiciones, y habiendo estas sido autorizadas por el Tribunal de Primera Instancia mediante Sentencia, el peticionario no puede ahora pretender alterar lo pactado ni reabrir una controversia ya transigida, so pena de vaciar de contenido la fuerza vinculante de los acuerdos judicialmente aprobados y de las sentencias que los acogen.

A nuestro juicio, la determinación recurrida no constituye un abuso de discreción ni se aparta de la norma. Por el contrario,

responde al ejercicio razonable de la facultad adjudicativa del foro primario ante el incumplimiento de los términos expresamente pactados. Así pues, ninguna acción afirmativa inherente a nuestras funciones revisoras se hace precisa en esta etapa de los procedimientos. En mérito de lo antes expuesto y amparados en la facultad que emana de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos no expedir el auto solicitado.

**IV**

Por los fundamentos que anteceden, se *deniega* la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones